# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ESSAQUENA HARRIS,
 Appellant,

 v.

UNITED STATES POSTAL SERVICE,
 Agency.

DOCKET NUMBER
CH-0353-14-0809-I-1

DATE: September 27, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Essaquena Harris, Highland, Indiana, pro se.

Deborah L. Lisy, Esquire, Chicago, Illinois, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed her restoration appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant is a Mail Processing Clerk at the agency's Chicago Processing and Distribution Center who suffered compensable injuries in 1990 and 1997. Initial Appeal File (IAF), Tab 4 at 28, Tab 5, Subtabs 4O, 4R-4S. Effective June 23, 2014, the appellant began a limited-duty assignment performing customer support duties in the Marketing Department. IAF, Tab 5, Subtabs 4A, 4H. The assignment was effectuated as a 3-month detail. *Id*., Subtabs 4A, 4G. On August 1, 2014, the appellant was informed that, due to a decrease in available work, the agency was rescinding her limited-duty assignment. IAF, Tab 1 at 5, 7. The agency also informed the appellant that it had searched for work within the local commuting area but found no available work within her medical restrictions. *Id*. at 12-13. The agency directed the appellant not to report to work until notified by the agency that work had been identified. *Id*. at 13.

¶3 The appellant filed this timely restoration appeal alleging that the agency acted arbitrarily and capriciously by rescinding her limited-duty assignment. IAF, Tab 1 at 3, 5. She contended, among other things, that her assignment was meant to be permanent. IAF, Tab 7 at 5. She also alleged that nonclerk

employees assigned to customer support duties were permitted to continue with their assignments and, as a clerk, she had a superior right to the assignment of those duties. *Id*. at 6. She further alleged that the agency engaged in disability discrimination and retaliated against her based on prior equal employment opportunity (EEO) activity and her pending Board appeal. IAF, Tab 1 at 5, Tab 4 at 5.

¶4 The appellant originally requested a hearing but subsequently withdrew her request and asked for a decision on the written record. IAF, Tab 1 at 2, Tab 12. After both parties filed closing submissions, the administrative judge dismissed the appeal for lack of jurisdiction because the appellant failed to show by preponderant evidence that the agency's action was arbitrary and capricious. IAF, Tab 15, Initial Decision (ID) at 9. The administrative judge found that the appellant failed to prove that the agency's search for work was legally insufficient or that there was alternative work available within her restrictions. ID at 6-8. She also found that the appellant failed to establish that the agency transferred the appellant's duties to other employees in violation of any law, rule, or regulation. *Id*. Finally, the administrative judge considered the appellant's claims of discrimination and retaliation and found that the appellant did not show that the agency's actions were arbitrary and capricious because of discrimination and/or retaliation. ID at 8-9.

¶5 The appellant has filed a petition for review, which the agency has opposed. Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 Under the law in effect when this appeal was filed,[2] to establish jurisdiction over a restoration appeal as a partially recovered individual, an appellant must

---

[2] Effective March 30, 2015, the Board amended its regulations concerning the burden of proof for establishing jurisdiction over restoration appeals filed under 5 C.F.R. § 353.304. *Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 10 (2016); 5 C.F.R. § 1201.57(a)(4). The amended regulations do not apply to the instant appeal, however,

prove the following by preponderant evidence: (1) she was absent from her position due to a compensable injury; (2) she recovered sufficiently to return to duty on a part-time basis, or to return to work in a position with less demanding physical requirements than those previously required of her; (3) the agency denied her request for restoration; and (4) the denial was arbitrary and capricious because of the agency's failure to perform its obligations under 5 C.F.R § 352.301(d). *Bledsoe v. Merit Systems Protection Board*, 659 F.3d 1097, 1104 (Fed. Cir. 2011); *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 10 (2012), *superseded by regulation on other grounds as recognized in Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 10 (2016). The administrative judge correctly found that the appellant had satisfied the first three jurisdictional elements. ID at 6. Therefore, the only remaining issue in this appeal is whether the appellant has proven by preponderant evidence that the denial of restoration was arbitrary and capricious. *Id.*

¶7  In *Latham*, the Board found that, under agency rules, the U.S. Postal Service may discontinue a limited-duty assignment only where the duties of that assignment no longer need to be performed by anyone or the duties need to be transferred to other employees to provide them with sufficient work. *Latham*, 117 M.S.P.R. 400, ¶ 31. Thus, the decision to end the appellant's limited-duty assignment will be found to be arbitrary and capricious if she proves that work was available for her within her medical restrictions. *Id.* She can make such a showing by proving the following: (1) the duties of her limited-duty assignment still needed to be performed; and (2) if those duties are being performed by other employees, the U.S. Postal Service did not need to transfer the duties to other employees to provide them with sufficient work. *Id.*, ¶ 33. If the employees who absorbed her duties did not have sufficient work, then the

because they apply only to appeals filed on or after March 30, 2015. 80 Fed. Reg. 4,489, 4,489 (Jan. 28, 2015).

appellant must prove that reassigning her former duties to them violated a law, rule, regulation, or contractual provision. *Id.*

¶8    The administrative judge found that the appellant's assignment was not intended to be permanent and that the agency terminated the appellant's assignment earlier than anticipated due to a drastic reduction in the workload. ID at 6-8. She further found that the appellant failed to prove that the agency acted arbitrarily and capriciously in terminating her assignment. ID at 9.

¶9    On review, the appellant continues to argue that her assignment was intended to be permanent and that the agency subsequently decided to terminate the assignment due to her continued pursuit of her Board appeal. PFR File, Tab 1 at 7-9; IAF, Tab 7 at 5. We agree with the administrative judge that the appellant's argument is not supported by the record. ID at 7-8. The Assignment Order signed by the appellant specifically states that her detail to the Marketing Unit would end after 3 months, and the limited-duty offer explicitly stated that her assignment could be revised based on the availability of work. ID at 6; IAF, Tab 5, Subtabs 4A, 4G, Subtab 4H at 2. Furthermore, the unrebutted evidence indicates that the agency's decision to terminate the appellant's assignment was based on operational reasons. ID at 6-7; IAF, Tab 5, Subtab 4A. The appellant has submitted no evidence indicating that the agency official who terminated her assignment had any knowledge of her Board appeal or EEO activity or that he was motivated by retaliation.

¶10    On review, the appellant reasserts her argument that, as a clerk, she had a superior right to the customer support duties and, therefore, the agency should have terminated the customer support assignments of nonclerk employees prior to terminating her assignment. PFR File, Tab 1 at 5-6; IAF, Tab 7 at 6-7. We have reviewed the initial decision and the submissions below, and we agree with the administrative judge that, to the extent that the agency permitted other nonclerk employees to continue performing their consumer support assignments, the appellant failed to establish that the agency violated a law, rule, regulation, or

contractual provision in doing so.  ID at 8.  Although the issue was not raised on review, we also find no indication that the agency transferred the appellant's duties to employees who had sufficient work.

¶11        Next, the appellant argues that the administrative judge improperly denied her motion to compel the agency to respond to her discovery requests.  PFR File, Tab 1 at 4-5, 9-10.  The administrative judge denied the motion because, among other things, it was untimely filed.  IAF, Tab 11 at 2.  Pursuant to 5 C.F.R. § 1201.73(d)(1), parties generally must serve their initial discovery requests within 30 days after the date on which the administrative judge issues an order to the respondent agency to produce the agency file and response.  A party must serve a response to discovery requests promptly, but no later than 20 days after the date of service of the request.  5 C.F.R. § 1201.73(d)(2).  Any motion for an order to compel must be filed with the administrative judge within 10 days of the date of service of objections or, if no response is received, within 10 days after the time limit for response has expired.  5 C.F.R. § 1201.73(d)(3).  The administrative judge explained the discovery process to the appellant in a September 8, 2014 acknowledgment order and directed the appellant to refer to regulations for further information.  IAF, Tab 2 at 5.

¶12        The appellant received the agency's objections to her discovery request on November 4, 2014, IAF, Tab 9 at 4, and, therefore, any motion to compel must have been filed within 10 days of that or by November 14, 2014, 5 C.F.R. § 1201.73(d)(3).  The appellant filed her motion to compel on November 26, 2014, and she provided no evidence or argument establishing good cause for the delay.  IAF, Tabs 9, 11.  Accordingly, we agree with the administrative judge that the appellant's motion to compel was untimely.  IAF, Tab 11 at 2.  We further agree with the administrative judge that the information requested by the appellant was not reasonably calculated to lead to the discovery of admissible evidence.  *Id*.  Administrative judges have broad discretion in ruling on discovery matters, and, absent a showing of an abuse of discretion, the Board will not find

reversible error in such rulings. *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 7 (2010). We discern no abuse of discretion in this matter.

¶13    Finally, because the Board does not have jurisdiction over the appellant's restoration claim, this appeal is not a mixed-case appeal. *Latham*, 117 M.S.P.R. 400, ¶ 58. Consequently, the initial decision should not have included notice of mixed-case appeal rights. ID at 13. Correct notice of the appellant's appeal rights is set forth below.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance

is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

      If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at <u>http://www.mspb.gov/probono</u> for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                 _____
                                       Jennifer Everling
                                       Acting Clerk of the Board

Washington, D.C.